WILBERT S. BIRDSALL v. ANTHONY GARDELLA AND
PETER BORI.

Decided July 17, 1925.

Arrest—Capias ad Respondendum—Bail—Judgment for Plain-
tiff—Capias ad Satisfaciendum Returned Non Est Inventus
—Action on Bond—Defendants Allege Recognizance Was
Not Filed With Clerk, that They Had in Good Faith Ap-
plied for Bail Piece, But Because of Failure to File Recog-
nizance They Could Not Procure It, that Debtor was in
Florida, But Because of This They Cannot Compel His Re-
turn—Held, that Bail Piece Is Not Necessary to Take De-
fendant Into Custody, that Loss of Recognizance is Not a
Bar to Action Thereon, if Proof of Its Existence is Forth-
coming, As In Case of Any Lost Instrument.

On motion to strike out answer and for order for sum-
mary judgment.

For the plaintiff, *Charles P. Brewer*.

For the defendants, *Morris V. McDonald*.

The opinion of the court was delivered by

CAMBELL, J. This matter comes on under a notice to
strike out an answer and for an order for summary judg-
ment under rule 57 of the Practice act of 1912.

On June 18th, 1924, plaintiff brought suit against one
Erwin C. Fisher for the recovery of a debt alleged to have
been contracted fraudulently, such action being commenced
by a *capias ad respondendum,* and thereunder Fisher was
taken into custody by the sheriff of Cumberland county. On
June 21st, 1924, Fisher, with the defendants in the present
action, appeared before Edwin P. Miller, Esq., a Supreme
Court commissioner, and executed a recognizance of bail to the
plaintiff in the sum of $2,400, and said commissioner there-
upon executed and delivered to the sheriff a discharge, and,
pursuant thereto, Fisher was released from custody by the
sheriff.

On May 5th, 1925, judgment in said cause was entered
against Fisher for $1,332.10.

Fisher did not pay the judgment, nor did he deliver himself, nor was he rendered in discharge by his bail, these defendants. A *capias ad satisfaciendum* was issued May 6th, 1925, delivered to the sheriff of Cumberland county May 9th, 1925, and by that officer returned *non est inventus* on May 15th, 1925.

On May 20th, 1925, the plaintiff brought the present action against these defendants to recover the amount of said judgment upon their recognizance of bail by issuing and serving a summons and complaint.

After the execution of the recognizance and the discharge of Fisher, he remained in Cumberland county until some short period before the entry of the judgment against him on May 5th, 1925, when it is alleged he went to St. Petersburg, Florida.

The complaint in this matter alleges as follows:

1. That on June 21st, 1924, defendants entered into a recognizance, a true copy of which is attached and made part of the complaint.

2. That Fisher was condemned in the suit therein referred to in $1,258.80 damages and $73.30 costs.

3. That Fisher has failed to pay such damages and costs and had not rendered himself into the custody of the sheriff.

4. That a *capias ad satisfaciendum* was issued to the sheriff of Cumberland county.

5. That such *capias* was placed in the hands of said sheriff May 9th, 1925, and by him returned *non est inventus* May 15th, 1925.

6. Defendants have not paid said damages and costs, nor have they rendered Fisher in discharge.

7. Plaintiff demands $1,332.10 and interest from May 6th, 1925.

To paragraphs 1, 2, 3, 4 and 5 defendants answered denying knowledge or information sufficient to form a belief as to their truth and admitting paragraph 6.

For a separate defense they allege that the recognizance of bail was not filed in the office of the clerk of this court as required by statute, and for that reason no action can be maintained thereon.

For a further separate defense they allege that within the time limited by law they, in good faith, attempted to render said Fisher in discharge, for that purpose made application to the clerk of this court for a bail piece for the purpose of causing the arrest of Fisher, and they were unable to secure such bail piece because the recognizance is not of record in the office of said clerk, and they have therefore been hindered from delivering and rendering said Fisher and thereby prejudiced in their rights, and all rights of the plaintiff under such recognizance are null and void.

All the allegations contained in paragraphs 1, 2, 3, 4 and 5 of the complaint are fully and completely substantiated and made out by the affidavits presented by plaintiff. These are the affidavit of the attorney for the plaintiff and that of Edwin F. Miller, the Supreme Court commissioner before whom the recognizance of bail was taken, and who issued the order for the discharge of Fisher. In such affidavit he says that Fisher and the defendants appeared before him June 21st, 1924; that he made known to them the contents of the recognizance, and they executed and acknowledged the same before him; that to the best of his knowledge and belief he mailed such recognizance immediately after its execution, with postage prepaid, to the clerk of this court for filing, and that he thereupon issued the certificate of discharge, a copy of which is appended to his affidavit, and likewise is so attached a copy of the recognizance, which affiant testifies is a true copy.

In answer thereto the defendant Bori by his affidavit says that the recognizance was never filed, and that plaintiff will be unable to produce it and sustain the allegations of his complaint; that the only knowledge he has of the matter is that in the summer of 1923 a friend asked him to become bail for Fisher, who was a stranger to him, and he complied with the request; that he does not remember the date nor amount of the bond; that he is an Italian and does not read or speak the English language; that he signed a paper which he understood to be a bond, and that is his sole recollection; that no copy was given him and no bail piece was received

from the clerk of this court; that he did not understand the responsibility attached to the transaction and gave the matter no further thought until served with the summons and complaint in this matter, and that he did not understand that Fisher was in his custody and never paid any attention to his doings, or the suit that was being prosecuted against him.

Further, that after being sued in the present action, he employed counsel and took steps to find Fisher; that he found he had gone to St. Petersburg, Florida, several months before judgment was rendered against him; that he employed one Paola as his agent to go to Florida for the purpose of arresting Fisher and bringing him within the jurisdiction of this court, but found that no recognizance was filed, and it is impossible to secure a bail piece as authority for making such arrest in Florida; that he is informed that such bond, if such a bond was executed by him, has been lost; that he believes that if such bond has been filed and a bail piece issued he could have caused Fisher to be taken into custody and be rendered in discharge, but due to the failure to file such bond he was prevented from performing the obligation of said bond, and that he is advised by counsel that plaintiff cannot succeed in his action without producing the bond sued upon, and that failure to file the bond and issue the bail piece is a bar to plaintiff's action.

To the same purport and effect is the affidavit of the other defendant Gardella.

The affidavit of Frank M. Paola is that he is associated with the attorney for the defendants; that immediately upon service of the summons and complaint in this matter he made an investigation and found that Fisher was in St. Petersburg, Florida, and being advised that defendants had twenty days to render him in discharge he endeavored, in good faith, to secure the necessary authority to apprehend Fisher; to this end a power of attorney from defendants to affiant was executed May 25th, 1925, funds were provided and deponent went personally to the clerk of this court to secure a bail piece; that diligent search was made by such clerk and such bond could not be found, nor was there any

record thereof and no authority for issuing a bail piece; that owing to such inability to secure a bail piece or copy of the bond, it seemed entirely useless to deponent to endeavor to make the arrest in a foreign state, and such trip was abandoned and postponed until such bond could be found or bail piece procured.

I am of the opinion that the answer must be stricken out, and I so find.

First. That satisfactory proof has been made before me of the allegations of paragraphs 1, 2, 3, 4 and 5 of the complaint, which the defendants by their answer sought to compel the plaintiff to make proof thereof.

Second. That the first separate defense presents no defense in law, because failure to file and record the recognizance in the office of the clerk of this court is not by the statute a ground barring recovery thereon.

Third. That the second separate defense presents no legal defense, because a bail piece is not necessary in order to permit or authorize defendants to take Fisher into custody. 6 C. J., § 4; Id., 893, § 7; Id., 941, § 137.

It has been argued that plaintiff cannot succeed upon his present complaint, because the recognizance is not in existence, and, therefore, cannot be produced in proof of his present complaint.

I know of no reason, however, why, upon proper proof of loss, there may not be recovery thereon as upon any other lost instrument, and at the argument it was suggested that an amendment of the complaint might be made if necessary.

In passing upon the present motion, I have considered it in the light as if the plaintiff was declaring upon the recognizance as a lost instrument, and in weighing the proofs I have found them convincing upon the question of such an instrument having been executed, lost and its contents established by parol evidence.

An order may therefore be taken striking out the answer and for summary judgment in favor of the plaintiff and against the defendants for the sum of $1,332.10 and interest thereon from May 6th, 1925, besides costs of suit to be taxed.